IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVE KING, | ) | |
| | ) | No. 04 C 7796 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Manning |
| | ) | |
| CITY OF CHICAGO DEPT. OF STREETS & SANITATION | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case arises out of defendant's termination of plaintiff's employment. Plaintiff alleges wrongful and discriminatory termination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), (42 U.S.C. § 2000 *et seq.*), and 42 U.S.C. §§ 1981 and 1983 ("Sections 1981 and 1983"). Before the court is defendant's motion to dismiss. For the following reasons, the court grants defendant's motion without prejudice to plaintiff's amending his complaint.

**I. STANDARD FOR MOTION TO DISMISS**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson c. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In a ruling pursuant to Fed. R. Civ. P. 12(b)(6), the court assumes the truth of all well-plead factual allegations, construing allegations liberally and viewing them in the light most favorable to the non-moving party. *McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992); *Craigs, Inc. v. General Electric Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993). Dismissal is properly granted if it is clear that no set of facts which plaintiff could prove consistent with the pleadings would entitle

plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir. 1991). The court will not dismiss a complaint unless it is clear that there is no set of facts on which a plaintiff could recover on a claim. *Freiburger v. Emery Air Charter*, 795 F.Supp. 253, 259 (N.D. Ill. 1992).

## II. INTRODUCTION

In line with the foregoing authorities, the following facts are deemed true for the purpose of the motion to dismiss.[1] Plaintiff is an African-American who was employed by the City of Chicago as a motor truck driver from 1988 to 2003. On or about July 31, 2002, defendant allegedly began to treat plaintiff differently from the non-African-American employees. In November 2002, plaintiff filed a racial discrimination claim against defendant with the Illinois Department of Human Rights. On January 31, 2003, defendant terminated plaintiff's employment for insubordination citing his refusal to undergo a drug and alcohol test, and physical and verbal assault of plaintiff's supervisor. However, plaintiff denies that he refused to undergo a drug or alcohol test and that he assaulted his supervisor. Rather, plaintiff alleges that his termination was the result of retaliation for his November 2002 complaint of racial discrimination. In support, plaintiff claims that similarly situated non-African-American employees have engaged in insubordination without receiving disciplinary action.

---

[1] Because plaintiff's complaint is relatively bare-bones, many of the following facts are taken from documents attached to the complaint, including an amended charge submitted on or about July 25, 2003 to the Illinois Department of Human Rights.

## III. ANALYSIS

Defendant seeks dismissal on three grounds[2]: (1) defendant's status as a municipal department prevents it from being sued under either Title VII or Sections 1981 and 1983; (2) plaintiff's Sections 1981 and 1983 claims fail to state a claim; and (3) punitive damages are not recoverable against a municipal entity. The court will address each in turn.

Generally, municipal departments are not individual legal entities, and thus not subject to suit for liability under Title VII or Sections 1981 and 1983. *Gillespie v. City of Indianapolis*, 13 F. Supp. 2d 811, 816 (S.D. Ind. 1998), *aff'd* 185 F.3d 693 (7th Cir. 1999), *cert. denied*, 528 U.S. 1116 (2000) (stating that municipal departments are not generally able to sued independently from the municipality). *See also Brandon v. Holt*, 469 U.S. 464, 472 (1985) (finding that the New York City Department of Social Services has no separate legal identity from the city for the purpose of a Section 1983 claim). Indeed, the Chicago Department of Streets and Sanitation is not a legally separate entity from the City of Chicago. *Dr. Martin Luther King Jr. Movement, Inc. v. City of Chicago*, 435 F. Supp. 1289, 1294 (N.D. Ill. 1977) ("The [D]epartment [of Streets and Sanitation] is merely an organizational division of the City and does not enjoy independent legal existence").

Plaintiff contends that he has brought suit against both the City of Chicago and the City of Chicago Department of Streets and Sanitation. However, a review of the complaint belies this

---

[2] Defendant also seeks dismissal based on plaintiff's untimely payment of the court's filing fee. However, dismissal for late payment is inappropriate in the instant case. Dismissing a case because of plaintiff's late payment of a filing fee is a severe sanction. *Coleman v. Heckler*, 607 F. Supp. 269, 270 (N.D. Ill. 1985). It is undisputed that plaintiff did not pay the required filing fee in a timely manner. However, plaintiff did pay the entire $150 fee on March 2, 2005, prior to the filing of this motion. While plaintiff's tardiness is hardly ideal, it alone does not justify the imposition of a sanction as severe as dismissal.

assertion. Because the City of Chicago Department of Streets and Sanitation, the sole defendant, lacks a separate legal existence and thus cannot be sued for claims arising under Title VII or Sections 1981 and 1983, defendant's motion to dismiss is granted.

Even if plaintiff had sued the proper entity, in order to state a claim for municipal liability under Section 1981 or 1983, plaintiff must allege that his discrimination resulted from either a municipal policy, (*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978) ("The [statute] plainly imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights")), or a widespread custom, (*Board of County Com'rs of Bryan County, Oklahoma v. Brown*, 530 U.S. 397, 404 (1987) ("an act performed pursuant to a 'custom' . . . may fairly subject a municipality to liability . . . .")). Moreover, the municipality must be the "moving force" directly causing the alleged injury. *Hulbert v. Wilhelm*, 120 F.3d 648, 656 (7th Cir. 1997) (citing *Bryan County*, 530 U.S. at 403). Because plaintiff has failed to make any allegations in support of a municipal policy or custom, defendant's motion to dismiss on this ground is granted.

Finally, the court notes that plaintiff may not request punitive damages because punitive damages are not recoverable against a municipality for violations of Title VII or Sections 1981 and 1983. *Spanish Action Comm. v. City of Chicago,* 811 F.2d 1129, 1134 (7th Cir. 1987) (plaintiff cannot recover punitive damages against city in §1983 claim) *(citing City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981))*; Bell v. City of Chicago*, No. 03 C 2117, 2004 WL 609309, at *2 (N.D. Ill. Mar. 22, 2004) ("Defendant City of Chicago is a municipality and, as such, cannot be held liable for punitive damages under Title VII") (citations omitted); *White v. City of Chicago*, 96 C 3329, 1996 WL 648710, at *4 n.6 (N.D. Ill. Nov. 1, 1996)

("Municipalities are immune from damages under the civil rights laws") (citations omitted).

Plaintiff contends that, if given leave to do so, he can allege sufficient facts to state a meritorious claim under Sections 1981 and 1983. Leave to amend is a liberal standard which should be freely given when justice requires. *Doe v. Home Military School*, 227 F.3d 981, 989 (7th Cir. 2000). Moreover, district courts should liberally grant *pro se* plaintiffs leave to amend when it appears that by doing so, the *pro se* plaintiff would be able to state a meritorious claim. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 554 (7th Cir. 1996). Thus, in accordance with the above authorities, the court grants plaintiff leave to amend.

## IV. CONCLUSION

For the above reasons, the court grants defendant's motion to dismiss [10-1] and grants plaintiff's request to amend the complaint consistent with this order.

**ENTER:**
                                        */s/ Blanche M. Manning*
                                        **Blanche M. Manning**
                                        **United States District Judge**

**DATE:** August 11, 2005