# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVE KING, | ) | |
|     Plaintiff, | ) | |
| v. | ) | 04 CV 7796 |
| | ) | Judge Blanche M. Manning |
| CITY OF CHICAGO, | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant City of Chicago has moved to dismiss parts of the second amended complaint of Steve King, who sued alleging race discrimination and retaliation, s*ee* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as well as violation of his constitutional rights*, see* 42 U.S.C. § 1983. In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court views the complaint in the light most favorable to the plaintiff, and will dismiss only if no set of facts consistent with the plaintiff's allegations would entitle the plaintiff to relief. *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004).

### *Count I – Conduct Occurring More Than 300 Days Before King's EEOC Charge*

In Count I, King alleges that racial slurs directed at him created a hostile work environment. The defendant argues that King may not rely upon allegations of racial slurs that occurred before February 7, 2002, because they happened more than 300 days before he filed his charge of discrimination with the EEOC and the Illinois Department of Human Rights. *See* 42 U.S.C. § 2000e-5(e); *Hedrick v. Bd. of Regents of the Univ. of Wisc. Sys.*, 274 F.3d 1174, 1181 (7th Cir. 2001) (a plaintiff has 300 days from the date of the adverse employment action to file a charge of discrimination with the EEOC or the appropriate state agency).

In reviewing a hostile work environment claim, courts take into account all allegedly hostile incidents as long as one of them occurred within the 300-day statutory time period. *Nat'l*

*R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.") According to King's allegations, he was subjected to racial slurs continuing through his termination in January 2003. Because racial slurs allegedly occurred during the statutory period, King may also rely on ones outside the period. *See id.*

### *Count II – Verbal Warnings*

In Count II, King alleges that, because of his race, he was given a verbal warning for failing to wear a safety vest, even though company rules did not require employees to wear vests. He also alleges that he was suspended for having a television in his company-owned truck.

The defendants argue that the part of his claim based upon a verbal warning should be dismissed because a warning is not an adverse employment action and is therefore not actionable. *See O'Neal v. City of Chicago*, 392 F.3d 909, 911 (7th Cir. 2004) (not everything that makes an employee unhappy is an actionable adverse employment action).

The defendant's argument is premature. Whether or not a warning amounts to an adverse employment action cannot be determined on the pleadings, but rather is a determination that "goes to the merits; these details may be explored in discovery, on a motion for summary judgment, and if necessary at trial." *Kolupa*, 438 F.3d at 715 (reversing dismissal based, in part, on district court's assumption that warnings were not adverse employment actions).

Furthermore, even if the warning itself was not an adverse employment action, it might still be evidence of disparate treatment. *See Oest v. Ill. Dep't of Corrections*, 240 F.3d 605, 613 (7th Cir. 2001) (reprimands, even if not adverse employment actions themselves, may be

evidence of discrimination "with respect to other employment actions that clearly are adverse employment actions").

### *Count VI – Free Speech & Association Claim*

In Count VI, King alleges that he was threatened with violence and with losing his job in December 2002 for (1) complaining to a supervisor about coworkers who campaigned for Mayor Richard M. Daley while on the job; and (2) for failing to contribute to Daley's campaign. King contends that as a result of his complaint to his supervisor and his failure to donate, he was suspended twice in December 2002 for a total of three days, and was eventually terminated in January 2003, all in violation of his rights of association and free speech under the First Amendment, and his right to equal protection under the Fourteenth Amendment.

The defendant seeks to dismiss Count VI as untimely. The parties agree that the statute of limitations for claims arising in Illinois and brought under 42 U.S.C. § 1983 is two years. *See Shropshear v. Corporation Counsel of City of Chicago*, 275 F.3d 593, 594 (7th Cir. 2001) (for § 1983 claims, federal courts borrow Illinois' two-year statute of limitations for personal injury suits). They also agree that the statute begins to run when the plaintiff "knows or should know that his or her constitutional rights have been violated." *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2003).

According to the complaint, King knew (or should have known) by January 2003 that his constitutional rights were violated when he was fired allegedly for protesting on-the-job political activity and refusing to participate in it. Yet he waited until December 2005, when he sought leave to file a second amended complaint, to first allege that he was fired for political reasons, which was long after the statute of limitations had run.

King attempts to salvage his claim by arguing that it relates back to his original complaint, filed in December 2004, before the statute of limitations had run. *See* Fed. R. Civ. P. 15(c)(2) (an amendment to a pleading relates back to the date of the original pleading if the amendment arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original). But after careful review of King's original December 2004 complaint, the court agrees with the defendant that facts alleged in Count VI of the second amended complaint do not arise out of any "conduct, transaction or occurrence" previously alleged. The original complaint alleged only discrimination and retaliation based upon King's race. Even viewed in the light most favorable to King, keeping in mind that he was *pro se* at the time, the original complaint is devoid of even a hint that King's claims involved retaliation based upon politics.

The court acknowledges that the requirements of notice pleading are minimal. Nevertheless, a plaintiff must at least "state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate." *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006). King's original complaint offered no "tidbits" of a First Amendment claim, and nothing would have alerted the defendants to investigate a violation of his free speech and association rights. Thus, Count VI is not merely an additional legal theory based upon conduct previously alleged, as King contends. *See Jackson v. City of Joliet*, No. 03 CV 4088, 2005 WL 1272937, at *3 (N.D. Ill. May 19, 2005) (original complaint alleged excessive force and unlawful search, so § 1983 claims first brought in amended complaint based upon the same instances of excessive force and unlawful search relate back). Accordingly, King's constitutional claims brought for the first time in Count VI of the second amended complaint do not relate back and are therefore untimely.

*Conclusion*

The defendant's motion to dismiss [53-1] is granted in part and denied in part as follows: Count I of the Second Amended Complaint is dismissed, while the remainder of the complaint is not dismissed.

ENTER:

Date: April 26, 2006

_____
Blanche M. Manning
United States District Judge