# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVE KING | CIVIL ACTION NO. 04-7796 |
| VERSUS | JUDGE DONALD E. WALTER |
| CITY OF CHICAGO | MAGISTRATE JUDGE KEYS |

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss [Doc. #195] filed on behalf of defendant, the City of Chicago, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and pursuant to 28 U.S.C. §1915(e)(2) for being frivolous or malicious. Plaintiff has filed no opposition to this motion. For the reasons assigned herein, defendant's motion is **GRANTED**, and plaintiff's claims are **DISMISSED**.

## STATEMENT OF THE CASE

Plaintiff, Steve King ("King"), brings this employment discrimination action against his former employer, the City of Chicago, pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e, as amended ("Title VII"), alleging, inter alia, that defendant subjected him to a racially hostile work environment. King also alleges that defendant retaliated against him for complaining about being subjected to racial slurs and inflammatory racial comments by suspending him for five days.

Plaintiff filed this action on February 2, 2005, and was appointed counsel on August 2, 2005. See Doc. #21. On that same date, plaintiff's Complaint was dismissed in part without prejudice with leave to amend based on a motion to dismiss filed on behalf of defendant. Id.; see also Doc. #23.

Initially appointed counsel was allowed to withdraw on September 8, 2005, and new counsel was appointed for plaintiff on that same date. See Doc. #26. Court appointed counsel, James J. Sipchen and Cynthia H. Alkhouja, both of the law firm of Pretzel & Stouffer, filed their appearances on plaintiff's behalf on October 5, 2005. See Doc. #s 27 & 28. Plaintiff sought, and was granted, an extension of time to file his amended complaint, until November 7, 2005. See Doc. #31. Plaintiff's Amended Complaint was timely filed. See Doc. #34. Plaintiff was granted leave to filed a Second Amended Complaint on January 11, 2006. See Doc. #46.

On April 10, 2006, Magistrate Judge Arlander Keys issued a Minute Entry wherein he stated that plaintiff "has stated that he will not pursue physical and emotional distress counts." Doc. #64. On April 26, 2006, Judge Blanche Manning granted in part and denied in part the City of Chicago's Motion to Dismiss Plaintiff's Second Amended Complaint by dismissing plaintiff's free speech and association claim (Count VI) as untimely. See Doc. #s 66 & 68. On July 31, 2006, Judge Manning gave plaintiff a final extension of time to conduct oral discovery until October 15, 2006. See Doc. #77. However, discovery was re-opened for the limited purpose of allowing plaintiff to depose six named individuals and extended to March 31, 2007. See Doc. #101.

On December 11, 2007, Judge Manning granted in part the City of Chicago's Motion for Summary Judgment as to plaintiff's claims of disparate treatment (Counts II and IV), retaliation based upon his December 10 and 20, 2002-suspensions (part of Count III) and retaliatory discharge (Count IV), and denied the City's motion as to plaintiff's claims of hostile work environment (Count I) and retaliation based upon plaintiff's June 21, 2002-suspension (remainder of Count III). See Doc. #118.

After many motions in limine were filed by both sides, this matter was reassigned to the

2

undersigned on April 16, 2008. See Doc. #167. A pretrial conference was held in this matter on April 30, 2008, at which time trial in this matter was set to commence on May 19, 2008. See Doc. #190. Thereafter, the Court either ruled on or referred to the merits all pending motions in limine. See Doc. #s 190 & 192. After the Orders relating to the pending motions were issued, plaintiff's appointed counsel filed a motion to withdraw which was granted on May 8, 2008. See Doc. #197. On May 7, 2008, the City of Chicago filed the Motion to Dismiss presently before this Court. On May 8, 2008, this Court continued the trial date until May 27, 2008 and allowed plaintiff until May 22, 2008 to file a response to defendant's motion to dismiss. No response having been timely filed, the City's motion is now ripe for determination.

## LAW AND ANALYSIS

In its Motion to Dismiss, the City asserts that after this Court granted the City's Motion in Limine #3 to Enforce 4/10/06 Order and to Bar Plaintiff From Seeking Damages Other Than Five Days' Income for His June 21, 2002 Suspension and From Offering Any Evidence Relating to Physical or Emotional Distress and Other Precluded Damages, the City offered to settle this matter with plaintiff for $1,025.00, the full amount sought by plaintiff in the parties' proposed Pretrial Order for the five-day suspension plaintiff was issued on June 21, 2002. The City further asserts that its counsel was advised by plaintiff's counsel that he would not seek attorneys fees or costs from his client or the City. The City further asserts that plaintiff rejected its offer over plaintiff's former counsel's advice to the contrary.

The Seventh Circuit has clearly stated that "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."

3

Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991) (internal citations omitted). This Court finds that plaintiff has been offered all that his remaining claims are worth. Thus, there is no longer any case or controversy and this matter must be dismissed under Federal Rule of Civil Procedure 12(b)(1). See Rand, supra (citing Zimmerman v. Bell, 800 F.2d 386, 390 (4th Cir. 1986)).

## CONCLUSION

For the reasons stated above, the City of Chicago's motion to dismiss is **GRANTED**, and plaintiff's claims are **DISMISSED**.

*[signature]*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

5/23/08