

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEVE KING,                        )
                                   )    Case No. 04 C 7796
            Plaintiff,             )    Judge Donald E. Walter
                                   )
      v.                           )    Magistrate Judge Arlander Keys
                                   )
CITY OF CHICAGO,                   )
                                   )
            Defendant.             )

## MEMORANDUM OPINION AND ORDER

On March 2, 2005, Steve King sued the City of Chicago,
alleging racial discrimination, retaliation and other claims.  In
a series of rulings, the last of which was issued on May 23,
2008, the court dismissed or entered judgment in the City's favor
on all of Mr. King's claims.  This case is before the Court on
the City of Chicago's Bill of Costs, which was filed June 23,
2008.  All told, the City seeks reimbursement of $3,497.40 in
deposition-related costs and copying expenses.

Rule 54(d) provides that "[u]nless a federal statute, [the
Federal Rules], or a court order provides otherwise, costs –
other than attorney's fees – should be allowed to the prevailing
party." Fed. R. Civ. P. 54(d)(1).  Although the power to award
costs is within the discretion of the court, "prevailing parties
are *prima facie* entitled to costs, and it is the burden of the
losing party to overcome the presumption." *McGill v. Faulkner,* 18
F.3d 456, 459 (7th Cir. 1994)(citing *United States v. Santiago,*
826 F.2d 499, 505 (7th Cir. 1987)).  Costs recoverable under Rule

54(d) are enumerated in 28 U.S.C. § 1920, and include "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" and "fees for exemplification and copies of papers necessarily obtained for use in the case." Here, the City seeks to recover its costs in connection with ten depositions, and it seeks to recover its costs related to the copying of various pleadings and discovery-related documents.

More specifically, according to the documents submitted in support of its Bill, the City seeks to recover the following deposition-related costs:  for plaintiff Steve King, $1,378.00 for the original 424-page transcript, plus a $262.50 court reporter attendance fee;  for Catharine Hennessy, $492.45 for the original 147-page transcript; for Gary Belak, $77.40 for a copy of the 86-page transcript, plus $5.00 for copies of the deposition exhibits;  for Thomas Augustyniak, $331.65 for the original 99-page transcript; for William Brown, $32.40 for a copy of the 36-page transcript;  for Julius Brittman, $158.70 for the original 46-page deposition, plus a $120.00 court reporter attendance fee;  for William Reeves, $148.35 for the original 43-page transcript;  for Anthony Mazzola, $27.90 for a copy of the 31-page transcript; for John Pettenon, $19.80 for a copy of the 22-page transcript; and for Erwin Isaac, $34.20 for a copy of the 38-page transcript.

The Court finds that the transcripts covered by the submitted invoices were "necessarily obtained for use in the case" as required by 28 U.S.C. § 1920(2); indeed, Mr. King has not argued otherwise. Additionally, the Court finds that the costs incurred were reasonable; they all fall within the maximum rates established by the Judicial Conference of the United States. *See* Local Rule 54.1(b). In fact, a quick comparison of the City's itemization and the actual invoices received by the City from the court reporting services shows that the City, on its own, limited its request to the maximum allowable rates and omitted from its request certain fees and costs it likely knew would not be allowed (fees for condensed and expedited transcripts and fees for shipping and handling, for example). The Court will allow the City to recover $3088.35 in deposition-related costs.

With regard to the copying fees, the records show that the City is seeking $409.05 for the reproduction of a long list of pleadings, discovery requests and responses and other documents from the case file. Mr. King has not challenged these costs. And, having carefully reviewed the City's itemization and supporting documentation, the Court is satisfied that the requested copying rate is reasonable and that the copies included on the City's itemization were "necessarily obtained for use in the case." *See* 28 U.S.C. §1920(4); *M.T. Bonk Co. v. Milton*

*Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991).

## Conclusion

For the reasons explained above, the City's Bill of Costs is allowed. As the prevailing party, the City is awarded costs in the amount of $3,497.40.

Dated: March 16, 2009

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge